# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 05-81029

KENNETH TYLER,

    Defendant.
                                            /

### ORDER DENYING DEFENDANT'S "MOTION TO REVOKE THE ORDER OF DETENTION AND TO SET UNSECURED BOND"

Pending before the court is Defendant's June 8, 2006 motion to revoke his order of detention and to release him on an unsecured bond. Defendant has been charged under two indictments in the Eastern District of Michigan.[1] On December 16, 2005, following a detention hearing, Magistrate Judge Virginia Morgan ordered Defendant to be detained on both indictments. In the present case, on May 11, 2006, Defendant entered a plea of guilty to Wire Fraud, in violation of 18 U.S.C. § 1343. On May 15, 2006, in Case No. 05-80873, presided over by the Honorable Bernard A. Friedman, Defendant entered a plea of guilty to Making or Presenting a False Claim Against the United States, in violation of 18 U.S.C. § 287, and Production of a False Identification Document, in violation of 18 U.S.C. § 1028(a)(1).

---

[1] In the instant matter, Case No. 05-81029, Defendant was charged with nine counts of identity theft, in violation of 18 U.S.C. § 1028, and seven counts of wire fraud, in violation of 18 U.S.C. § 1343. In the case before the Honorable Bernard Friedman, Case No. 05-80874, Defendant was charged with offenses related to false identification documents and false federal income tax refund claims.

Defendant presents three arguments relating to why he should be released from custody.  First, Defendant asserts that he has children who he will be unlikely to see while he is in custody, and he would like to be able to spend time with them before he is sentenced.  (Def.'s Mot. at 3.)  Second, Defendant asserts that his mother is in poor health and has been hospitalized since he was detained, and he "fears that . . . she may not survive the completion of his sentences and that this may well be his last chance to be with his mother."  (*Id.* at 4.)  Third, he asserts that he will be able to provide substantial assistance to governmental authorities if he is released prior to sentencing.  (*Id.*)  Defendant "proposes that he be released to the third party custody of his parents" and asserts that he "would willingly do so under house arrest with electronic monitoring."  (*Id.* at 5.)

Title 18 U.S.C. § 3145(b) provides for "prompt" review of a motion for revocation of amendment of a detention order filed by a defendant.  In addition, under 18 U.S.C. § 3143(a):

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a).

Despite Defendant's assertion that his circumstances have changed substantially since the hearing, he has presented no evidence to demonstrate such change.  (Def.'s

Mot. at 2-3.)  Most significantly, Defendant has not demonstrated that the findings made by the magistrate judge weighing in favor of detention were either misrepresentative or that they were true, but have changed.  As the magistrate judge determined, Defendant has a history of minimal legitimate past employment, drug use, a lengthy criminal record, past probation violations, and he previously attempted to create fraudulent documents to obtain work release.  (12/16/2005 Order of Detention.)  Magistrate Judge Morgan also found definite evidence that Defendant would continue to engage in criminal activity if released.  (*Id.*)

Defendant's evidence that he is not a flight risk consists of his own claim that he would not flee, that he has never previously failed to appear except when he was in custody, and that it would be irrational for him to risk a higher sentence by failing to appear.  (Def.'s Mot. at 4.)  Regardless of whether his assertion that he has never failed to appear is true, Defendant has demonstrated his lack of regard for the law by committing multiple probation violations and attempting to fraudulently gain work release.  Although it may be irrational to risk a higher sentence by failing to appear for court, it is certainly no less irrational to commit the crimes to which Defendant has pled guilty in this case.  Defendant has not demonstrated by clear and convincing evidence that he is not likely to flee.

Defendant's arguments that he is not a danger to the safety of any other person or the community is likewise unconvincing.  He argues that he has "no history of assaultive behavior in a non-domestic setting" and asserts that his history of assaultive behavior in a domestic setting was limited to a person with whom he no longer has a relationship.  (*Id.* at 4-5.)  Specifying that his assaultive behavior was limited only to a

3

domestic setting and only to a specific person does not constitute clear and convincing evidence that he is not a danger to others.  Moreover, Defendant's desire to spend time with his family and provide substantial assistance to the government do not represent clear and convincing evidence that he is unlikely to flee and that he will not be a danger.[2]  For these reasons, Defendant's motion for release and to set an unsecured bond [Dkt. #32] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 28, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[2]In its response to Defendant's motion, the Government asserts that "[w]hile [it] appreciates . . . Defendant's expressed offer to continue to assist law enforcement authorities, [it] believes that any potential benefit which . . . Defendant can provide if released from custody is significantly outweighed by the potential for . . . Defendant to become involved in further criminal activity of the possibility that he will not appear for future court appearances."  (Gov't's Resp. at 5.)

S:\Cleland\JUDGE'S DESK\Odd Orders\05-81029.TYLER.DenyingMotiontoRevokeDetentionOrderAndSetUnsecuredBond.wpd